**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY CIPOLLA, | Civil No. 10-889(NLH/KMW) |
| Plaintiff, | |
| v. | **OPINION** |
| GEORGE W. HAYMAN, et al., | |
| Defendants. | |

**APPEARANCES:**

David P. Kreizer, Esquire
Fisher, Byrialsen & Kreizer, PLLC
291 Broadway
Suite 709
New York, NY 10007
     *On behalf of Plaintiff Anthony Cipolla*

Randy Miller, Esquire
State of New Jersey
Department of Law & Public Safety
25 Market Street
P.O. Box 112
Trenton, NJ 08625
     *On behalf of Defendants Guerrero, Rocco, Dill, New Jersey
     Department of Corrections, Mid State Correctional Facility,
     Central Reception and Assignment Facility, South Woods State
     Prison, Southern State Correctional Facility and Niranjana
     Shah, M.D.*

James S. Murphy, Esquire
Garrity, Graham, Favetta & Flinn, PC
72 Eagle Rock Avenue, Suite 350
P.O. Box 438
East Hanover, NJ 07936
     *On behalf of Defendant and Cross-Claimant Community Education
     Center, Inc.*

1

**HILLMAN, District Judge**

Presently before the Court is a motion [Doc. No. 49] seeking to partially dismiss the Amended Complaint and Cross-Claims by Defendants Guerrero, Rocco, Dill, the New Jersey Department of Corrections, Mid State Correctional Facility, Central Reception and Assignment Facility, South Woods State Prison, Southern State Correctional Facility and Niranjana Shah, M.D. pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff opposes Defendants' motion for partial dismissal.  The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, the motion is granted in part and denied in part.


**I.   JURISDICTION**

Asserting violations of constitutional rights, Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  Accordingly, the Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## II.  <u>FACTS AND PROCEDURAL HISTORY</u>

Plaintiff's complaint centers around an alleged incident which occurred while Plaintiff was incarcerated at Mid State Correctional Facility in Wrightstown, New Jersey.  Plaintiff alleges that on September 8, 2008, Defendant Guerrero, a civilian employee described as an Assistant Engineer-in-Charge, forcefully threw a water bottle at Plaintiff's ear, which caused Plaintiff injury.  (Am. Compl. [Doc. No. 18] ¶ 16.)  Plaintiff contends that he was subsequently transferred to several different prison facilities by Investigators Dill and Rocco, employees of Mid State Correctional Facility, such that he was denied timely diagnosis and medical treatment for his injuries, and that several medical professionals, including Dr. Shah,[1] consciously disregarded his injuries by failing to treat Plaintiff for his pain and hearing loss.  (<u>Id.</u> at ¶¶ 21-28.)

Plaintiff's Original Complaint in this action was received by the Clerk of Court on February 19, 2010, along with an application to proceed <u>in forma pauperis</u>.  (<u>See</u> Compl. [Doc. No. 1], IFP Application [Doc. No. 1-1].)  Plaintiff's Original Complaint asserted Section 1983 claims against twenty-two state prison employees, including several John and Jane Does, based on purported violations of Plaintiff's Eighth Amendment rights.  By Opinion and Order dated March 12, 2010, Plaintiff's application to

---

[1] Dr. Shah was previously improperly pled as "Dr. Shau."

proceed in forma pauperis was denied for failure to submit a certified account statement and Plaintiff's case was administratively terminated.  (Order [Doc. No. 3] 1-2, March 12, 2010.)  Plaintiff later moved to reopen the case, and the Court subsequently that request.  (Order Reopening Case [Doc. No. 6] 1-2, March 25, 2011.)

By Opinion and Order dated December 8, 2011, the Court granted Plaintiff's application to proceed in forma pauperis, and after screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, permitted certain Eighth Amendment excessive-force claims to proceed against Defendant Guerrero, only, and certain Eighth Amendment medical-care claims to proceed against Defendants Rocco and Dill, only.  (Order [Doc. No. 8] 1, December 8, 2011).  The Court further ordered that all other claims be dismissed with prejudice but permitted Plaintiff to file an amended complaint in order to address the factual deficiencies as to those claims not otherwise dismissed.  (Id.)

On April 10, 2012, David Kreizer, Esquire, entered an appearance on behalf of Plaintiff, who had previously been proceeding pro se.  (Notice of Appearance [Doc. No. 11] 1.)  After receiving an extension of time, Plaintiff, through counsel, filed an Amended Complaint [Doc. No. 18] naming Defendants Guerrero,

Dill, Rocco, Niranjana Shah,[2] M.D. (hereinafter, referred to collectively as the "Individual Defendants"), eight additional entity defendants, including the State of New Jersey, the New Jersey Department of Corrections ("NJDOC"), Mid State Correctional Facility ("MSCF"), Central Reception and Assignment Facility ("CRAF"), South Woods State Prison ("SWSP"), Southern State Correctional Facility ("SSCF"), Community Education Center, Inc. and Talbot Hall, as well as numerous unknown individuals and corporations.  Plaintiff's Amended Complaint also alleges state tort causes of action and other constitutional claims that were not raised in the Original Complaint.[3]  (Am. Compl. 1.)

On May 24, 2012, Defendant Community Education Center answered the Amended Complaint and submitted a Cross-Claim against

_____

[2] Among those claims dismissed by the Court's December 8, 2011 Opinion and Order was a medical-care claim against Dr. Shah. The Court previously found that the allegations against the medical personnel involved — that it took five months to diagnose and treat Plaintiff and that they attributed his injury to a prior condition — were insufficient to support an Eighth Amendment deliberate indifference claim. (Op. [Doc. No. 7] 20-21, Dec. 8, 2011.)  Thus, because any liability attributable to Dr. Shah arose in the context of a medical-care claim, all claims against Dr. Shah were dismissed with prejudice because they "did not rise to the level of a constitutional violation." (Id. at 21.)

[3] Specifically, Plaintiff's new tort claims include assault, battery, intentional infliction of emotional distress, negligence, gross negligence and willful misconduct.  (Am. Compl. 10-14.)  Plaintiff's new constitutional claims include alleged deprivations of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendment under the United States and New Jersey Constitutions.  (Id. 9-17.)

all of the other defendants.  [Doc. No. 44.]  On August 8, 2012, the Individual Defendants and five of the entity Defendants, NJDOC, MSCF, CRAF, SWSP, and SSCF (hereinafter, referred to collectively as the "Entity Defendants"), filed a Partial Answer [Doc. No. 50] to the Amended Complaint and Partial Motion [Doc. No. 49] to Dismiss the Amended Complaint and Cross-Claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## III. <u>DISCUSSION</u>

The Individual Defendants and the Entity Defendants now seek to partially dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b), specifically 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) attacks the existence of subject matter jurisdiction in fact, <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977), while a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) considers whether the complaint has failed to state a claim upon which relief can be granted.  <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005).  When considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6) the standard is the same: the court must consider the

6

allegations of the complaint as true.  Mortensen, 549 F.2d at 891;
see also Petruska, 462 F.3d at n.1.

It is well settled that a pleading is sufficient if it
contains "a short and plain statement of the claim showing that
the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A
district court, in weighing a motion to dismiss, asks "'not
whether a plaintiff will ultimately prevail but whether the
claimant is entitled to offer evidence to support the claims[.]'"
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting
Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft
v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) ("Our
decision in Twombly expounded the pleading standard for 'all civil
actions[.]'") (citation omitted).  The Third Circuit has
instructed district courts to conduct a two-part analysis in
deciding a motion to dismiss.  Fowler v. UPMC Shadyside, 578 F.3d
203, 210 (3d Cir. 2009).

First, a district court "must accept all of the complaint's
well-pleaded facts as true, but may disregard any legal
conclusions."  Fowler, 578 F.3d at 210-11 (citing Iqbal, 129 S.
Ct. at 1949).  Second, a district court must "determine whether
the facts alleged in the complaint are sufficient to show that the
plaintiff has a 'plausible claim for relief.'"  Fowler, 578 F.3d
at 211 (citing Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do
more than allege the plaintiff's entitlement to relief."  Fowler,

578 F.3d at 211.  "'[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –but it has not "show[n]"– "that the pleader is entitled to relief."'"  Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1949); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556).

A court need not credit "'bald assertions'" or "'legal conclusions'" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429–30 (3d Cir. 1997).  The defendant has the burden of demonstrating that no claim has been presented.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

However, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245; see also Alston v. Parker, 363 F.3d

229, 235 (3d Cir. 2004) ("We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."); Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 444 (D.N.J. 2010) ("When a claim is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), leave to amend and reassert that claim is ordinarily granted. ... A claim may be dismissed with prejudice, however, if amending the complaint would be futile.") (citation omitted).

## IV.  **ANALYSIS**

The Individual and Entity Defendants argue that certain claims Plaintiff raises in the Amended Complaint should be dismissed because: 1) the Individual and Entity Defendants have Eleventh Amendment immunity; 2) the Individual and Entity Defendants are not "persons" subject to suit under either Section 1983, Section 1985 or the New Jersey Civil Rights Act; 3) the Entity Defendants are not subject to suit for violations arising from their policies or customs; 4) Plaintiff's claims against the Entity Defendants are time-barred; 5) Plaintiff's claims against the Individual Defendants are time-barred; and 8) all of Plaintiff's state law tort claims raised against the Individual and Entity Defendants are time-barred under the New Jersey Tort Claims Act, N.J.S.A. 59:8-8b.  (Defs.' Br. 2.)  The Individual

9

Defendants answered all the remaining claims in the Amended Complaint and Cross-Claim.[4]

Plaintiff opposes the motion for partial dismissal. Plaintiff asserts the Individual Defendants are "persons" under Section 1983 because each person had personal involvement in the alleged violation of Plaintiff's constitutional rights and contends that the Entity Defendants are also "persons" under the statute because their policies or customs were a "moving force" behind the alleged violations. (Pl.'s Br. 5.) Plaintiff asserts that the Individual Defendants are not entitled to Eleventh Amendment immunity because they are subject to liability and damages in their individual capacities. (Id.) Plaintiff also claims that the Entity Defendants are not entitled to immunity because Section 1983 does not explicitly state an immunity exception for government entities. (Id.) Finally, Plaintiff claims that all newly named defendants and newly raised constitutional and state law tort claims are not time-barred as they relate back to claims that arose out the conduct, transactions, or occurrences set out in the Original Complaint. (Id.) The Court considers each argument in turn.

### A. Eleventh Amendment Immunity

---

[4] Specifically, the Individual Defendants denied Plaintiff's Eighth Amendment excessive-force claim against Defendant Guerrero and Eighth Amendment medical-care claims against Defendants Rocco and Dill. (Answer [Doc. No. 50] 9-22.)

Section 1983[5] provides a civil remedy for the deprivation of rights established by the Constitution or federal law.  Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) ("To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States.").  While Section 1983 provides a federal forum to remedy many such claims, it does not create a forum for litigants who seek a remedy against a State for alleged deprivations of their civil rights.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989).  The Eleventh Amendment[6] bars suits against a state for money damages

---

[5] Section 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

[6] The Eleventh Amendment provides,

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. AMEND. XI.

"unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." Welch v. Texas Dept. of Highways and Public Transp., 483 U.S. 468, 472-473 (1987) (plurality opinion). The Supreme Court previously found that Congress did not intend to rescind the States' Eleventh Amendment immunity in enacting Section 1983. See Quern v. Jordan, 440 U.S. 332, 345 (1979); see also Will, 491 U.S. at 66 ("That Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect was made clear in our decision in Quern.").

A suit against a state official in his or her official capacity which seeks money damages is not considered to be against the official personally, but instead is brought against the "real party in interest" --- the entity. Id.; see also Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n.55 (1978) (official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent"). Accordingly, because official capacity suits for damages are actually suits against the entity the immunity provided under the Eleventh Amendment also extends to State officials who are sued in their official capacities. Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("This bar [to suit] remains in effect when State officials are sued for damages in their official capacity.").

The same is not true though for official capacity suits seeking prospective relief.  When the entity itself is a "moving force" behind the deprivation of civil liberties, "implementation of state policy or custom may be reached in federal court only [in] official-capacity actions for prospective relief" because these suits "are not treated as actions against the State." Kentucky v. Graham, 473 U.S. 159, 169 n.14 (1985) (citing Ex parte Young, 209 U.S. 123, 153 (1908).  The judicial doctrine of Ex Parte Young allows suits against states in federal court to proceed against state officials acting in their official capacities only where a plaintiff is seeking prospective injunctive relief.  See Ex Parte Young, 209 U.S. 123 (1908).  The exception created by Ex Parte Young has been interpreted to allow suits against state officials for prospective and declaratory relief in order to end continuing violations of federal law. Balgowan v. State of New Jersey, 115 F.3d 214, 217 (3d Cir. 1997); see also Doe v. Division of Youth and Family Services, 148 F. Supp. 2d 462, 483 (D.N.J. 2001).  Based on the asserted claims in Plaintiff's complaint, it is clear that the Ex Parte Young doctrine is not implicated because Plaintiff only seeks monetary damages, and not prospective injunctive relief. (See Am. Compl. 17.)  Therefore, the Defendants' immunity under the Eleventh

13

Amendment remains unaffected.  <u>Kentucky</u>, 473 U.S. at 167.[7]

In this case, the New Jersey Department of Corrections is a state entity.  <u>See</u> N.J. STAT. ANN. § 30:1B (establishing "in the Executive Branch of the State Government a principal department which shall be known as the Department of Corrections.").  Moreover, Mid State Correctional Facility, Central Reception and Assignment Facility, South Woods State Prison, and Southern State Correctional Facility are all sub-parts thereof.  <u>Wilson v. Haas</u>, No. 11-7001, 2012 WL 6761819, at *5 (D.N.J. Dec. 28, 2012) (explaining that "New Jersey state prison facilities are entitled to immunity from suit in federal court under the Eleventh Amendment and, therefore, they are not "persons" within the meaning of § 1983.") (citing <u>Grabow v. Southern State Correctional Facility</u>, 726 F. Supp. 537, 538-39 (D.N.J. 1989); <u>Cf. Bey v. Pennsylvania Dept. of Corr.</u>, 98 F. Supp. 2d 650, 657 (E.D. Pa. 2000) (finding that State correctional institutions were arms of the state because those entities were run exclusively by and

---

[7] The same logic applies to Plaintiff's allegations that the policies and customs of "deliberate indifference" violate § 1983. (Am. Compl. ¶¶ 82-94.)  In an official capacity suit, the entity's policy or custom must have "played a part" in the constitutional violation.  <u>Monell</u>, 436 U.S. at 694 (1978); <u>see also</u> <u>Oklahoma City</u>, 471 U.S. at 817-818 (1985).  Even as to Plaintiff's policy and custom claims, however, the Eleventh Amendment remains a valid defense when the plaintiff only seeks monetary relief.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 166-67 (1985).  Therefore, Plaintiff's claims based on the customs or policies of the Individual and Entity Defendants must be dismissed as they are likewise shielded by the Eleventh Amendment.

through the State's Department of Corrections, and therefore they
were immune under the Eleventh Amendment from claims raised in a
prisoner's Section 1983 action).  Indeed, Plaintiff admits in his
Amended Complaint that all the named Entity Defendants are state
agencies.  (Am. Compl. 3-5.)  Accordingly, all claims against
NJDOC, MSCF, CRAF, SWSP, and SSCF are barred by the Eleventh
Amendment.

Furthermore, to the extent the Individual Defendants are
being sued for money damages in their official capacities as
employees of the New Jersey Department of Corrections – a state
agency – these claims are also barred by the Eleventh Amendment.[8]
Simrin v. Corr. Med. Services, No. 05-2223, 2006 WL 469677, at *2
(D.N.J. Feb. 24, 2006) ("[A]bsent a waiver of immunity by the
state, the Eleventh Amendment precludes federal suits for money
damages against state officers sued in their official
capacities."); see also Kentucky, 473 U.S. at 169.  Therefore, all
claims brought against the Entity Defendants and the Individual
Defendants, in their official capacities, are dismissed with

---

[8] In Plaintiff's Brief in Opposition to the Individual and
Entity Defendants' Partial Motion to Dismiss, Plaintiff argues
that Defendants Guerrero, Dill, Rocco and Dr. Shah are not
entitled to Eleventh Amendment immunity because they are subject
to liability and damages in their individual capacity.  (Pl. Br.
5).  The present motion, however, does not seek dismissal of the
claims against these Defendants in their individual capacities,
but rather, seeks dismissal of the claims against the defendants
in their official capacities.

prejudice.[9]

**B. "Persons" Subject to Suit under Section 1983, Section 1985 and the New Jersey Civil Rights Act**

Section 1983 renders certain "person[s]" liable for deprivations of constitutional rights.  42 U.S.C. § 1983.  Neither a State nor its officials acting in their official capacities are deemed "persons" under Section 1983.  Will, 491 U.S. at 71.  Section 1985[10] contains the remedial provision for damages caused

---

[9] Plaintiff also named the State of New Jersey as a Defendant in his Amended Complaint. (Am. Compl. 1.)  For the same reasons as discussed in Section IV.A., supra, the Court will dismiss all claims against the State sua sponte because they are likewise barred by the Eleventh Amendment.  See Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) (explaining a court's inherent authority to dismiss the action "provided that the complaint affords a sufficient basis for the court's action"); see also Michaels v. New Jersey, 955 F. Supp. 315, 331 (D.N.J. 1996) (Barry, J.) ("It is well established that, even if a party does not make a formal motion to dismiss, the court may, sua sponte, dismiss the complaint where the inadequacy of the complaint is clear."); see generally 5B Wright & Miller, Federal Practice and Procedure, § 1357 ("Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties.")

[10] Section 1985 provides, in relevant part:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or

16

by a conspiracy to interfere with an individual's civil rights. Haddle v. Garrison, 525 U.S. 121, 125 n.2 (1998). The definition of "persons" under Section 1983 has been applied to claims arising under Section 1985 by several lower courts. See, e.g. New Jersey Sand Hill Band of Lenape & Cherokee Indians v. Corzine, No. 09-683, 2010 WL 2674565, at *6 (D.N.J. June 30, 2010)(noting that "persons" in Section 1983 and "persons" in Section 1985 have the same meaning); Rode v. Dellarciprete, 617 F. Supp. 721, 723 (M.D. Pa. 1985), aff'd, 892 F.2d 1177 (3d Cir. 1990) (same).

Plaintiff also contends that the Individual and Entity Defendants violated his rights under the Constitution of the State of New Jersey.  (Am. Compl. 2.)  Such a claim is brought pursuant to the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-1 et seq; Hurdleston v. New Century Fin. Services, Inc., 629 F. Supp. 2d 434, 442 (D.N.J. 2009) ("[A] person may bring a civil action under the [NJCRA] in two circumstances: (1) when he's deprived of a right, or (2) when his rights are interfered with by threats, intimidation, coercion or force.") "Since the NJCRA is substantially modeled after [Section 1983], and shares the requirement that the defendant sued be a 'person,'" the NJCRA is similarly construed to preclude suits against state officials

---

deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985.

acting in their official capacities because they do not meet the definition of a person under the act.  Chapman v. New Jersey, No. 08-4130, 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009) (citing Slinger v. New Jersey, No. 07-5561, 2008 WL 4126181, at *7 (D.N.J. Sept. 4, 2008), rev'd in part, 366 F. App'x 357 (3d Cir. 2010); see also Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443 (D.N.J. 2011).  Additionally, the Third Circuit recently held that a New Jersey state prison and its administrator acting in her official capacity were not "persons" under the New Jersey Civil Rights Act.  Didiano v. Balicki, 488 F. App'x 634, 637 (3d Cir. 2012).

Thus, NJDOC, MSCF, CRAF, SWSP, and SSCF as state entities are not "persons" under either Section 1983, Section 1985, or the NJCRA.  Similarly, sued in their official capacities, Defendants Guerrero, Rocco, Dill, and Dr. Shah are likewise not "persons" under any of these statutory provisions.  Therefore, all claims against the Individual and Entity Defendants acting in their official capacities under Section 1983, Section 1985, or the NJCRA must be dismissed with prejudice.[11]

## C. Policy and Customs

Plaintiff's Ninth Cause of Action is a municipal liability

---

[11] Even if the Individual and Entity Defendants were "persons" under § 1985, Plaintiff's conspiracy claims were previously dismissed by the Court's December 8, 2011 Order. (Order [Doc. No. 8] 13, December 8, 2011.)

claim against NJDOC and the State of the New Jersey pursuant to
their customs, policies, usages, practices, procedures and rules.
(Am Compl. §§ 82-94.)  Such challenges are referred to as Monell
claims and apply only to local government units, "which are not
considered part of the State for Eleventh Amendment purposes."
Monell, 436 U.S. at 694 n.54 (1978); Quern, 440 U.S. at 338.
Indeed, to make a showing of municipal liability "a plaintiff must
prove, in the broad causal language of the statute, that a policy
or custom of the city subjected him, or caused him to be subjected
to the deprivation of constitutional rights."  City of Oklahoma
City v. Tuttle, 471 U.S. 808, 828 (1985) (internal quotations
omitted).  Thus, because municipal liability claims are limited to
local governments, and none of the Defendants are local
governments or municipalities, Plaintiff's municipal liability
claims against NJDOC and the State of the New Jersey and their
employees fail as a matter of law.

**D. Statute of Limitations under Section 1983 Claim and the
New Jersey Torts Claims Act**

Although Section 1983 provides a federal cause of action,
courts look to the law of the state in which the cause of action
arose to find the relevant statute of limitations.  Wallace v.
Kato, 549 U.S. 384, 387–88 (2007) ("Section 1983 provides a
federal cause of action, but in several respects relevant here
federal law looks to the law of the State in which the cause of

action arose. This is so for the length of the statute of
limitations: [i]t is that which the State provides for personal-
injury torts."); Owens v. Okure, 488 U.S. 235, 249-250 (1989);
Wilson v. Garcia, 471 U.S. 261, 279-280 (1985).  The accrual date
of a Section 1983 cause of action, however, remains a question of
federal law.  Id.  The accrual date for purposes of Section 1983
claims "begins to run from the time when the plaintiff knows or
has reason to know of the injury which is the basis of the section
1983 action."  Fullman v. Pa. Dep't of Corr., 265 Fed. Appx. 44,
46 (3d Cir. 2008)(citation and internal quotation marks omitted).

     "Civil rights or constitutional tort claims are best
characterized as personal injury actions and are governed by the
applicable state's statute of limitations for personal injury
actions."  Muhammad v. City of Newark, No. 12-0325, 2013 WL
211345, at *3 (D.N.J. Jan. 18, 2013); see also Wallace, 549 U.S.
at 389-88.  Plaintiff's cause of action against the Individual and
Entity Defendants arose in the state of New Jersey.  In New
Jersey, the statute of limitations for personal injury claims, and
thus for Section 1983 claims, is two years.  See N.J.S.A. 2A:14-
2(a); Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir.
2010).

     The Individual and Entity Defendants argue that all
constitutional and tort law claims against Defendants Guerrero,

Dill, Rocco, and Dr. Shah[12] are time-barred because the Court's
December 8, 2011 Order limited the scope of the case to an Eighth
Amendment excessive-force claim against Defendants Guerrero and
Eighth Amendment medical-care claims against Defendants Rocco and
Dill then dismissed all other claims with prejudice.  [Def. Br.
12.]  The Court noted, however, that Plaintiff may be able to
supplement his surviving claims against the Individual Defendants
with additional facts and permitted Plaintiff to file an amended
complaint.  (Order [Doc. No. 8] 25-6, December 8, 2011.)

    Whether or not Plaintiff's additional claims are time-barred
turns on whether the new claims against the Individual Defendants
relate back to the Original Complaint.[13]  Plaintiff does not
dispute that the Amended Complaint was filed more than two years
since the accrual of any possible claim or that the Amended
Complaint raises new state tort and constitutional claims.  (Pl.
Br. 10.)  Plaintiff contends, however, that the amendments relate
back to the date of the original pleading under Fed. R. Civ. P.
15(c)(1) because the newly raised claims arose out of the same

---

    [12] As determined, _supra_, all claims against Dr. Shah were
previously dismissed by the Court's December 8, 2011 Order.
(Order [Doc. No. 8] 21, December 8, 2011.)

    [13] As discussed in Section IV.A.-B., _supra_, claims against
the Entity Defendants are barred by the Eleventh Amendment and
these defendants are not "persons" subject to suit under § 1983.
Therefore, the Court will not consider whether additional claims
against the Entity Defendants are time-barred because all of the
claims against these defendants are dismissed.

conduct, transaction, or occurrence stemming from the September 8, 2008 incident at MSCF and are therefore exempted from the two-year statute of limitations.

Federal Rule of Civil Procedure 15(c)(1) governs whether an amendment can "relate back" to the filing date of the original complaint.  Rule 15(c)(1) provides that an amendment to a pleading relates back to the date of the original pleading in three instances:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Similarly, N.J. R. 4:9-3 provides,

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in

22

the pleading. An amendment changing the party
against whom a claim is asserted relates back if
the foregoing provision is satisfied and, within
the period provided by law for commencing the
action against the party to be brought in by
amendment, that party (1) has received such notice
of the institution of the action that the party
will not be prejudiced in maintaining a defense
on the merits, and (2) knew or should have known that,
but for a mistake concerning the identity of the
proper party, the action would have been brought
against the party to be brought in by amendment.

The rationale of Rule 15(c) is that a pleading amendment will
not be inequitable where the party has previously been apprised of
the nature of the suit.  A "party who has been notified of
litigation concerning a particular occurrence has been given all
the notice that statutes of limitations were intended to provide."
Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 150 n.3 (1984)
(citing 3 J. Moore, Moore's Federal Practice ¶ 15.15[3], p. 15-194
(1984)).  In other words, the initial pleading must "give the
defendant fair notice of what the plaintiff's claim is and the
grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47
(1957).

Plaintiff filed his Original Complaint on February 19, 2010,
in which he asserted that his Eighth Amendment rights were
violated based on an alleged attack by Defendant Guerrero on
September 8, 2008 and that the other named defendants acted with
deliberate indifference to his serious medical needs which
resulted from the attack.  (Compl. ¶ 9.)  As the Original

23

Complaint informed the Individual Defendants that certain claims would be asserted against them regarding the alleged incident which occurred on September 8, 2008, the amendment to include additional constitutional law claims does not prejudice these Defendants.  Furthermore, the amendment asserts a claim or defense that arose out of same conduct set out in the Original Complaint.

The Individual and Entity Defendants also argue that Plaintiff's new state tort claims are barred pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59-8-8. The Act provides that:

> A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. . . The claimant shall be forever barred from recovering against a public entity or public employee if:
>
> . . .
>
> b. Two years have elapsed since the accrual of the claim;
>
> . . . .

N.J.S.A. 59:8-8; Ventola v. New Jersey Veteran's Mem'l Home, 164 N.J. 74, 76 (2000) ("Under the New Jersey Tort Claims Act, a party has ninety days, from the time a claim accrues, to file a notice of claim."); Rolax v. Whitman, 175 F. Supp. 2d 720, 730 (D.N.J. 2001), aff'd, 53 F. App'x 635 (3d Cir. 2002) (barring tort claims under the New Jersey Tort Claims Act where the plaintiff failed to file a Notice of Claim within ninety days of the wrongful conduct).  The purpose of the ninety-day limit in New Jersey Tort

Claims Act "is to compel a claimant to expose his or her intention and information early in the process in order to permit the public entity to undertake an investigation while witnesses are available and the facts are fresh." Id.  Thus, because two years have elapsed since the date that the cause of action accrued, Plaintiff's state tort claims for assault, battery, intentional infliction of emotional distress, negligence, gross negligence and willful misconduct (Am. Compl. 10-14.) are absolutely barred. Rolax, 175 F. Supp. 2d at 730.  Plaintiff's newly raised Fourth, Fifth, Eighth and Fourteenth Amendment claims (Am. Compl. 9-17.), however, may proceed.


## V. **CONCLUSION**

For the reasons expressed above, the Individual and Entity Defendants' Partial Motion to Dismiss is granted in part and denied in part.  The following claims are dismissed with prejudice: 1) all claims against the Entity Defendants: the New Jersey Department of Corrections, Mid State Correctional Facility, Central Reception and Assignment Facility, South Woods State Prison, and Southern State Correctional Facility; 2) all claims against Defendants Guerrero, Dill, and Rocco in their official capacities; and 3) all newly raised state tort claims.  All claims against Dr. Shah were previously dismissed by the Court's December 8, 2011 Order and therefore must be dismissed from the Amended

Complaint, as well.  Plaintiff's newly raised constitutional

claims under the Fourth, Fifth, and Eighth Amendment may proceed.

All Cross-Claims by Community Education Center, Inc. remain

intact.[14]  An appropriate Order will be entered.


Date: March 26, 2013                    s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[14] On the last page of the Individual and Entity Defendants'
Brief (Def. Br. 16.), the Defendants request in a footnote that
the Court dismiss Defendant Community Education Center, Inc.'s
Cross Claims to the same extent that Plaintiff's claims are
dismissed.  This minimal legal argument, relegated only to a
brief footnote on the final page of a brief, is insufficient to
warrant dismissal and does not put the Cross Claimants on
adequate notice that dismissal of these claims is sought.
Therefore, the Court declines to dismiss the Cross Claims at this
time.